NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

MICHAEL DUANE MULLET, *Appellant.*

No. 1 CA-CR 18-0005
FILED 11-20-18

Appeal from the Superior Court in Maricopa County
No. CR2016-002063-001
The Honorable Warren J. Granville, Judge

**VACATED AND REMANDED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By William Scott Simon
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Kevin D. Heade
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Paul J. McMurdie delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Kent E. Cattani joined.

---

**M c M U R D I E**, Judge:

**¶1**      Michael Duane Mullet appeals a restitution order related to his convictions for 35 counts of fraudulent schemes and artifices and one count of theft. Mullet argues the superior court erred by (1) awarding restitution in excess of the victim's actual economic loss and (2) awarding restitution on counts for which it directed verdicts of acquittal. For the following reasons, we vacate the superior court's order and remand for further proceedings.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**      The State charged Mullet with 43 counts of fraudulent schemes and artifices and one count of theft.[1] Mullet executed these schemes by performing plumbing services for his employer, Lawson Family Plumbing ("Lawson"), collecting payments for the services in the form of personal checks made out to Mullet, and depositing the funds into his personal bank account instead of remitting the payments to Lawson. Lawson is the victim in this case, not Lawson's customers. Each count of fraud related to an individual transaction with a Lawson customer. The superior court directed judgments of acquittal on eight counts of fraud, citing a lack of evidence that "some representations or omissions" took place between Mullet and the customers involved in those counts. However, the superior court found the evidence presented for those eight counts could nonetheless provide a basis for the jury to find Mullet guilty of the theft count.

**¶3**      Following Mullet's convictions, the State moved for entry of a restitution order to recover $16,566.80, the sum of all checks deposited

---

[1]    This court previously affirmed Mullet's convictions and sentences. *State v. Mullet*, 1 CA-CR 17-0179, 2018 WL 2976266 (Ariz. App. June 14, 2018) (mem. decision). For a complete recitation of the facts underlying Mullet's convictions, see *id.*, at *1, ¶¶ 2–6.

into Mullet's personal bank account from the Lawson customers. Although Mullet did not file a written objection to the State's motion for restitution, Mullet argued at the sentencing hearing that the total amount deposited should be reduced by 27%, representing the commissions he was otherwise entitled to receive if he had appropriately remitted the money he collected to Lawson. The superior court granted the State's motion for the full $16,566.80 requested. Mullet timely appealed, and we have jurisdiction pursuant to Article 6, Section 9 of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and 13-4033(A).

## DISCUSSION

**¶4** Under A.R.S. § 13-603(C), "the court shall require the convicted person to make restitution to the person who is the victim of the crime . . . in the full amount of the economic loss as determined by the court." *See also* Ariz. Const. art. 2, § 2.1(A)(8). The superior court "has discretion to set the restitution amount according to the facts of the case in order to make the victim whole." *In re Ryan A.*, 202 Ariz. 19, 24, ¶ 20 (App. 2002). "We will uphold a restitution award if it bears a reasonable relationship to the victim's loss." *State v. Madrid*, 207 Ariz. 296, 298, ¶ 5 (App. 2004).

**¶5** "Generally, we review a restitution order for an abuse of discretion" viewing "the evidence bearing on a restitution claim in the light most favorable to sustaining the court's order." *State v. Lewis*, 222 Ariz. 321, ¶ 5 (App. 2009). An abuse of discretion occurs when "the reasons given by the court for its action are clearly untenable, legally incorrect, or amount to a denial of justice." *State v. Chapple*, 135 Ariz. 281, 297, n. 18 (1983). A court also "abuses its discretion when . . . the record lacks substantial evidence to support the court's finding." *Varco, Inc. v. UNS Elec., Inc.*, 242 Ariz. 166, 170, ¶ 12 (App. 2017); *Romer-Pollis v. Ada*, 223 Ariz. 300, ¶ 12 (App. 2009).

**A.** **The Restitution Amount Awarded Is Not Supported by Substantial Evidence**.

**¶6** This court has previously noted that "because restitution is not intended to be punitive in nature, we have attempted to prevent situations where payment beyond full compensation would create a 'windfall' to the victim." *State v. Steffy*, 173 Ariz. 90, 94 (App. 1992). Based on this principle, Mullet argues that if he had properly remitted the customers' payments to Lawson, he would have been entitled to collect commissions in the amount of 27%. Therefore, Mullet contends, Lawson

did not suffer an economic loss of the 27% portion of the customers' payments. He further asserts that by awarding Lawson restitution in the full amount deposited into Mullet's bank account, without accounting for the commission amount, the superior court created an improper windfall for Lawson, and its decision was "erroneous as a matter of law."

¶7        "A loss is recoverable as restitution if it meets three requirements: (1) the loss must be economic, (2) the loss must be one that the victim would not have incurred but for the criminal conduct, and (3) the criminal conduct must directly cause the economic loss." *Lewis*, 222 Ariz. at 324, ¶ 7 (quoting *Madrid*, 207 Ariz. at 298, ¶ 5).

¶8        In the instant case, the record does not support the amount of restitution ordered. On all counts, Mullet was a Lawson employee and used Lawson trucks and materials to complete the plumbing work. Upon the completion of most, but not all jobs, Mullet would have earned a 27% commission. Mullet's illegal conduct was the misappropriation of Lawson's portion of the payments to his personal account. The misappropriations did not have any bearing on the services Mullet provided to the Lawson customers, or the commission he was entitled to upon completion of the work.

¶9        In other words, if Mullet had never misappropriated any funds, Lawson would have been entitled to the full amount of the customers' payments minus Mullet's commission. Accordingly, Lawson did not suffer an economic loss based on the portion of the payment that otherwise would have been designated as Mullet's commission. Under these circumstances, requiring Mullet to forfeit the commission that Lawson owed Mullet based on the work provided would amount to disgorgement and would serve only to further punish Mullet. Such additional punishment is beyond the appropriate scope of criminal restitution laws.

¶10        The State correctly notes that Mullet received commissions on some of the transactions. Therefore, the state contends the superior court's ruling bears a sufficiently reasonable relationship to the victim's damages for this court to affirm its ruling. We disagree.

¶11        At Mullet's sentencing hearing, the superior court noted its impression that "Lawson did not suffer 100 cents on the dollar on the money that was given to Mr. Mullet." Nevertheless, it granted the State's restitution request in full in its subsequent ruling without any explanation other than Mullet failed to file a written objection. The lack of a written

objection was not required to resolve the issue. *See State v. Rutledge,* 205 Ariz. 7, 13, ¶ 30 (2003) ("The purpose of an objection is to permit the trial court to rectify possible error, and to enable the opposition to obviate the objection if possible." (quoting *State v. Hoffman,* 78 Ariz. 319, 325 (1955)); *State v. Foshay*, 239 Ariz. 271, 277, ¶ 27 (App. 2016) (use of the word "object," or any specific word, is not required to make an objection or to preserve an issue for appeal).

¶12            Mullet was paid a commission on some of the completed jobs. So, Mullet was not entitled to an offset for those commissions, and restitution for the entire amount of payment for services on which Mullet already received a commission may be properly ordered. Contrary to Mullet's assertions, on some services Mullet would not have been entitled to the 27% commission, but only an agreed upon flat fee. On those payments, the offset would be the designated flat fee. On the remaining sums, the restitution amount should be reduced to reflect Mullet's commission if he had properly remitted the money to Lawson. Because we cannot determine the correct restitution amount based on the record before us, we vacate the award entered and remand for the superior court to determine the correct amount of restitution.

**B.      The Superior Court Did Not Err by Awarding Restitution for Transactions Related to Counts of Which Mullet was Acquitted.**

¶13            Mullet further argues that because the superior court directed judgments of acquittal on eight counts of fraudulent schemes and artifices, the superior court erred by awarding the victim restitution for sums related to those counts. We rejected a similar argument in *State v. Lewis*, 222 Ariz. 321 (App. 2009).

¶14            In *Lewis*, the defendant was charged with two counts of aggravated assault and one count of drive-by shooting after the victim was shot outside a party. 222 Ariz. at 323, ¶¶ 2–3. The jury found the defendant guilty of the drive-by shooting, not guilty of one count of aggravated assault, and failed to reach a verdict on the other count. *Id.* at ¶ 3. The State requested restitution in the amount of the victim's medical expenses, which the superior court granted. *Id.* at ¶ 4. On appeal, the defendant argued the acquittal on the aggravated assault charge demonstrated that he was not responsible for the victim's injury, and accordingly, the superior court's restitution order was erroneous. *Id.* at ¶ 5. This court affirmed, holding that "[the defendant's] acquittal of aggravated assault against [the victim] does not necessarily absolve him of liability for restitution." *Id.* at 325, ¶ 9.

¶15　　　In so holding, we noted that "[r]ather than the elements of the crime, the facts underlying the conviction determine whether there are victims of a specific crime." *Lewis*, 222 Ariz. at 325, ¶ 9 (quotation omitted). Thus, even though a defendant is acquitted of an offense, he may still be liable for restitution so long as the superior court concludes the defendant's criminal conduct directly caused the victim's injuries by a preponderance of the evidence. *Id.* at 324, ¶ 7.

¶16　　　In the instant case, the evidence presented supports the court's decision not to reduce the restitution amount by the sums related to the dismissed counts. The superior court directed the verdicts of acquittal on those counts because the State did not present evidence that Mullet obtained a benefit "by means of false or fraudulent pretenses, representations, promises or material omissions" as required by A.R.S. § 13-2310(A). The superior court's ruling was not based on a finding of insufficient evidence that Mullet misappropriated funds belonging to his employer during these events. In fact, the court specifically noted the evidence presented on those counts provided a sufficient basis for the jury to convict Mullet of theft, which the jury later did. Accordingly, an adequate factual basis supports the superior court's decision to include those sums in the restitution award.

## CONCLUSION

¶17　　　For the reasons discussed above, we vacate the superior court's restitution order and remand for further proceedings.

